IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMUEL DYCK, Individually and On Behalf of All Others Similarly Situated <br><br> PLAINTIFF, <br><br> V. <br><br> PRECISION DRILLING COMPANY, LP, <br><br> DEFENDANT. | CIVIL ACTION NO. 4:19-cv-01090 <br><br> JURY TRIAL DEMANDED |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff Samuel Dyck ("Dyck" or "Plaintiff"), the Opt-in Plaintiffs (collectively the "Plaintiffs") and Defendant Precision Drilling Company, LP., ("Precision" or "Defendant" and collectively with the Plaintiffs the "Parties") file this Joint Motion to Approve Settlement Agreement and respectfully show as follows:

### INTRODUCTION

The Parties have reached a settlement with respect to this Fair Labor Standards Act (FLSA) case. The settlement was reached after several years of litigation and significant discovery.

### ARGUMENTS AND AUTHORITIES

**I.   The Settlement is a Fair and Reasonable Resolution of a Bona Fide Dispute.**

   **A.   *A Bona Fide Dispute Existed Between the Parties.***

If Plaintiffs' allegations were ultimately correct, then Precision would be faced with the prospect of a monetary judgment in favor of the Plaintiffs as well as an obligation to pay litigation fees and costs incurred by the Plaintiffs. If Precision's arguments were correct, then the Plaintiffs

would not make a recovery or the recovery would be substantially less than what the Plaintiffs sought. The Parties on both sides were represented by able counsel throughout this litigation. Each side has substantial arguments in support of its legal position on issues such as whether the Plaintiffs were properly classified as exempt from the overtime provisions of the FLSA and whether Plaintiffs would be able to establish a willful violation of the FLSA extending the statute of limitations from two years to three years. Accordingly, the Court should readily conclude a bona fide dispute between the Parties existed under the FLSA.

      **B.**    ***The Proposed Settlement Is Fair and Reasonable.***

The precise terms of the Settlement Agreement are filed under seal with the Court. The settlement was the product of arm's-length negotiations by experienced counsel and has the salutary effects of (1) providing relief to the Plaintiffs and (2) eliminating the inherent risks both sides would bear if this litigation continued to resolution on the merits. Such negotiations allowed the Parties to bridge the gap between the Parties' settlement positions and obtain the resolution described. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc*. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

The Settlement Agreement is also fair and reasonable because substantial obstacles exist if litigation continues, and the settlement provides immediate relief. The Parties disagree about the merits of the Plaintiffs' claims, the viability of Precision's defenses, and the proper calculation of damages. Without settlement, the Parties would have to engage in further discovery, including depositions of key management witnesses, and litigate dispositive motions on the merits of the claims. Even if the Plaintiffs had prevailed on the merits by summary judgment or trial, an appeal

to the Fifth Circuit would have likely resulted. Under such a scenario, the Plaintiffs would not see any monetary relief from this case, if any, until years from now. The Settlement Agreement brings an immediate benefit to the Plaintiffs.

The FLSA allows for the payment of attorneys' fees to plaintiffs. *See Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2008 WL 5140045 (S.D. Tex. Dec. 8, 2008). As part of the Settlement Agreement, the Parties have agreed that Plaintiffs' counsel is entitled to a total of 40% of the gross settlement amount for fees and costs. This is the agreement that the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 727 (1986) (explaining in the more exacting Rule 23 context that "the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed.")

These fees and costs are justified as a matter of contract, but especially in this case where counsel worked on a contingency basis. In FLSA cases such as this, the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *see also Green-Johnson v. Fircroft*, et al., No. Civ. A. 4:12-cv-01307 (S.D. Tex., April 3, 2013); Doc. 50 (approving 40% contingency fee in FLSA collective action); *Covey, et al. v. Iron Cactus, et al.;* No. Civ. A. 1:12-cv-00111-SS (W.D. Tex. August 6, 2013) (approving 40% contingency fee in FLSA collective action); *Villarreal, et al. v. Source Refrigeration & HVAC, Inc.*; No. Civ. A. 1:12-cv-00243 (W.D. Tex., October 8, 2013); Doc. 71, (approving 40% contingency fee in FLSA collective action); *Karim v. Finch Shipping Co.*, Ltd. 233 F. Supp. 2d 807, 811 (E.D. LA 2002) (40% contingency fee approved). Here, the Plaintiffs were aware of, and agreed to, the contingency fee nature of the relationship.

The terms of the settlement have been approved by Plaintiffs, Plaintiffs' counsel, Defendant, and Defendant's counsel. Plaintiffs entered into the Settlement Agreement voluntarily and knowingly, and understand fully that they are relinquishing their claims in this matter in exchange for the agreed upon settlement. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit.

## II.     The Parties Request the Confidentiality of the Settlement Agreement and Its Terms Be Maintained

The Parties further agree that as a condition of settlement, the terms of the settlement will be kept confidential. *See, e.g., Ducote v. Tubular Solutions, Inc.*, No. 15-cv-02557, Dkt. No. 54 (S.D. Tex. Apr. 17, 2017) (granting motion for leave to file FLSA settlement agreement under seal); *Reynolds v. Intertek*, No. 3:14-cv-00138, Dkt. No. 48 (S.D. Tex. Apr. 11, 2016) (granting motion for leave to file FLSA settlement agreement under seal); *Lee v. Veolia ES Indus. Servs. Inc.*, No. 12-cv-00136, Dkt. No. 90 (E.D. Tex. Oct. 28, 2013) (granting motion for leave to file FLSA settlement agreement under seal); *Ray v. Tex. Home Health of Am., LP*, 9:12-CV-22, Dkt. No. 19 (E.D. Tex. May 31, 2012); *Kaminski v. BWW Sugar Land Partners, Ltd.*, 4:10-cv-551 (S.D. Tex. Oct. 26, 2011) (granting motion to file confidential settlement agreement under seal); *LaFan v. E+Healthcare LLC*, 4:08-cv-01002, Dkt. No. 64 (S.D. Tex. Oct. 16, 2009) (granting the parties' motion to seal the settlement agreement); *see also Maxwell v. G.R.A.C.E. Cmty. Servs.*, 4:09-cv-03989, Dkt. No. 55 (S.D. Tex. Nov. 19, 2012) (sealing record from the parties' settlement conference).

Accordingly, the Parties are filing the Settlement Agreement under seal as Exhibit A hereto. The Parties jointly request that the Court keep the terms of the Settlement Agreement and the Settlement Agreement itself confidential, and the Parties respectfully request that the Settlement Agreement not be included in the documents and papers publicly filed in this matter.

Counsel for the Parties will make themselves available for a conference regarding the settlement at the Court's request.

## CONCLUSION

The Parties and their counsel agree that the Agreement is a reasonable compromise of the claims alleged by the Plaintiffs in light of the procedural posture of the case, the litigations risks, and the costs applicable to both sides. Because the Agreement is a reasonable compromise, the Parties seek entry of the enclosed Agreed Order of Approval.

Dated: September 7, 2023

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

/s/ *Richard J. Burch w/p*
Richarch J. (Rex) Burch
State Bar No. 24001807

Michael K. Burke
State Bar No. 24012359

Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
rburch@brucknerburch.com
mburke@brucknerburch.com

Michael A. Josephson
State Bar No. 24014780

Andrew W. Dunlap
State Bar No. 24078444

Josephson Dunlap Law Firm
11 Greenway Plaza, Suite 3050
Houston Texas 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com

***Counsel for Plaintiffs***

s/ *Carter Crow*
M. Carter Crow *(Attorney in Charge)*
State Bar No. 05156500
Federal I.D. No. 15048
Email: carter.crow@nortonrosefulbright.com

Kimberly Cheeseman
State Bar No. 24082809
Federal I.D. No. 2254668
Email: kimberly.cheeseman@nortonrosefulbright.com

Jesika Silva Blanco
State Bar No. 24098428
Federal I.D. No. 2780677
Email: jesika.blanco@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

***Counsel for Defendant***

## **CERTIFICATE OF SERVICE**

    This pleading was served via CM/ECF on all counsel of record in compliance with the Federal Rules of Civil Procedure on September 7, 2023.

                                                    */s/ Carter Crow*
                                                   M. Carter Crow

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL DYCK, Individually and On Behalf of All Others Similarly Situated<br><br>PLAINTIFF,<br><br>V.<br><br>PRECISION DRILLING COMPANY, LP.,<br><br>DEFENDANT. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:19-cv-01090<br><br>JURY TRIAL DEMANDED |

**ORDER**

The Court has considered the Parties' Joint Motion for Approval of Settlement and all applicable law and facts. The Court hereby **GRANTS** the Motion.

**IT IS FURTHER ORDERED** that Plaintiff Samuel Dyck is the Representative Plaintiff and has authority to enter into this settlement to release his claims as well as the claims of Justin Prole, Glen Gross, Dale Quigley, Brian Ellison, and Brian Schulte.

**IT IS FURTHER ORDERED** that the FLSA settlement, including all terms set forth in the Settlement Agreement, is approved as a fair and reasonable settlement of the Plaintiffs' claims.

**IT IS FURTHER ORDERED** that the Parties are allowed to file the Settlement Agreement under seal.

**IT IS FURTHER ORDERED** that the case is dismissed with prejudice, each party to bear their own costs and fees except as stated in the Settlement Agreement. The Court retains jurisdiction to enforce the Settlement Agreement.

| | |
|---|---|
| DATE | U.S. District Judge |